IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. HENNESSY, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6923 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Martin C. Ashman |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michael P. Hennessy ("Plaintiff") brings this motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant, Michael J. Astrue, the Commissioner of the Social Security Administration (the "Commissioner"), opposes the motion. The parties have consented to have this Court conduct any and all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) and N.D. Ill. R. 73.1(c). For the reasons stated below, this Court grants Plaintiff's motion.

### I. Background

Plaintiff filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on November 29, 2004. *Hennessy v. Astrue*, No. 07-6923, Slip Op. at 2 (N.D. Ill Nov. 21, 2008). The applications alleged that Plaintiff had been disabled since August 31, 2001 as a result of severe arthritis, gout, and "bad knees." *Id.* The Social Security Administration ("SSA") initially denied the applications on March 8, 2005, and again upon reconsideration. *Id.* Plaintiff then filed a request for a hearing before an Administrative Law

Judge ("ALJ"), which was held on February 12, 2007. *Id.* On March 12, 2007, the ALJ issued a decision denying Plaintiff's claims for benefits. *Id.* After the SSA Appeals Council denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. *Id.*

On December 7, 2007, Plaintiff appealed the ALJ's decision to this Court, alleging that the ALJ erred at steps two and five of the five-step disability determination outlined by 20 C.F.R. § 404.1520(a)(4)(i)-(v). (Pl.'s Mot. ¶ 3.) On November 21, 2008, the Court reversed and remanded the decision of the Commissioner, denying Plaintiff's application for disability benefits. *Hennessy*, No. 07-6923, Slip Op. at 20. Plaintiff now seeks attorneys' fees of $10,148.20 under 28 U.S.C. § 2412, payable to Frederick J. Daley, Jr. and Daley, Debofsky & Bryant. (Pl.'s Mot. ¶ 14.)

## II. Discussion

The EAJA provides that a district court may award "fees and other expenses" where (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there are no special circumstances that make an award unjust; and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The requesting party must show that the fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Commissioner contends only that an award of attorneys' fees should not be granted because the government's position was substantially justified.[1] (Def's Resp. 2.) Alternatively, the Commissioner argues that if the Court finds that the government's position was not substantially justified, the amount of fees should be reduced because they are excessive. (Def's Resp. 2.)

A. **Whether the Government's Position Was Substantially Justified.**

Plaintiff argues that the Commissioner's decision was not substantially justified. (Pl.'s Mot. ¶ 7.) A position is "substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts alleged and legal theory" propounded. *Stewart*, 561 F.3d at 683 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In order to be deemed "substantially justified," the government's position must be justified to a degree that would satisfy a reasonable person. *Underwood*, 487 U.S. at 565. The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision, and his litigation position were substantially justified. *Stewart*, 561 F.3d at 683.

Proving this requires that the government show "its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded.'" *Bricks, Inc. v. U.S. Env't Prot. Agency*, 426 F.3d 918, 922 (7th Cir. 2005) (quoting *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Congress' decision to award fees under the EAJA

---

[1] The Commissioner does not contest any of the other aforementioned requirements under 28 U.S.C. § 2412(d)(1)(A). Therefore, the Court does not address them in this Opinion.

reflects a policy that discourages arbitrary or incomplete governmental decision-making, encourages private actors to pursue claims, and improves governmental efficiency. *Hallmark*, 200 F.3d at 1080. The court's underlying decision--to affirm, reverse, or remand--does not dictate whether the Commissioner's decision was substantially justified. *Bricks*, 426 F.3d at 922.

As to the Commissioner's pre-litigation position, Plaintiff argues that the ALJ was not substantially justified in her decision because she should have given the 2007 opinion of Plaintiff's treating physician, Doctor Chandra Anand ("Dr. Anand"), controlling weight. (Pl.'s Mot. ¶ 7.) The ALJ is required to give the claimant's treating physician's opinion controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2) (2009). In other words, "if [a treating physician's opinion] is well supported and there is no contradictory evidence," the ALJ must accept it. *Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006). Even when an ALJ is justified in giving less than controlling weight to the treating physician's opinion, the ALJ must "provide good reasons for the weight given." 20 C.F.R. § 404.1527(d)(2); *Hofslien*, 439 F.3d at 376.

The Commissioner argues that the ALJ was substantially justified in rejecting the 2007 opinion of Plaintiff's treating physician, Dr. Anand, for several reasons. First, the Commissioner contends that the ALJ rejected Dr. Anand's 2007 opinion because it was not supported by medically acceptable clinical and laboratory diagnostic techniques. (Def's Resp. 4.) According to the Commissioner, the ALJ pointed out several factors supporting her decision not to give Dr. Anand's 2007 medical opinion controlling weight. (Def's Resp. 4.) The ALJ noted that Dr. Anand's diagnosis of gouty arthritis was not confirmed by a serological test, anti-nuclear

antibodies, or an elevated sedimentation rate. (Def's Resp. 4.) Also, the ALJ pointed out that while Dr. Anand opined that Plaintiff suffered from depression, which affected his attention span and ability to concentrate, Dr. Anand is not a mental health professional, and Plaintiff never received any treatment for depression. (Def's Resp. 4.)

The Commissioner's first set of arguments is unavailing. While Dr. Anand did not perform certain tests to confirm her diagnosis of Plaintiff's gouty arthritis, the Court previously observed that "this justification carries no weight in the absence of any expert medical opinion"; in other words, Dr. Anand's reliance on subjective complaints does not give the ALJ a reasonable basis in fact to reject that opinion. *Hennessy*, No. 07-6923, Slip Op. at 16. Furthermore, other medical evidence showed that Plaintiff suffered from gout: Doctor M.S. Patil ("Dr. Patil"), who examined Plaintiff on behalf of the Bureau of Disability Determination Services, found that Plaintiff had a history of gout, and Plaintiff reported flare-ups a couple times a month. *Hennessy*, No. 07-6923, Slip Op. at 4. For these reasons, the ALJ did not have a reasonable basis in fact to reject Dr. Anand's diagnosis of gouty arthritis.

The Court makes the same finding as to Dr. Anand's diagnosis of Plaintiff's depression, which the Commissioner argues the ALJ reasonably rejected because Dr. Anand is not a mental health professional. But the Commissioner fails to argue that Dr. Anand's diagnosis was not supported by "medically acceptable clinical and laboratory diagnostic techniques." The Commissioner has not argued, or provided any evidence showing, that a general practitioner is unable to diagnose a disease such as depression. As a result, the ALJ would be justified in disregarding Dr. Anand's diagnosis only if it was not supported by medically acceptable clinical and laboratory diagnostic techniques. *See Hennessy*, No. 07-6923, Slip Op. at 16. Since the ALJ

failed to provide evidence on this point, and the evidence in the record supports this diagnosis, the Court finds the ALJ's decision did not have a reasonable basis in fact or law. In sum, the Court rejects all of the foregoing arguments and finds the ALJ's decision was not substantially justified.

Although he loses the first set of arguments, the Commissioner does not give up, contending, additionally, that the ALJ rejected Dr. Anand's 2007 opinion because it was inconsistent with other substantial evidence in the record. (Def's Resp. 4.) To support this claim, Commissioner points out that, in 2005, two consulting physicians[2] noted essentially normal findings—which included Plaintiff could perform light work—while, two months later, Dr. Anand issued a highly restrictive RFC assessment. (Def's Resp. 4-5.)

Again, the Commissioner's argument fails. Dr. Anand's 2007 opinion was consistent with other substantial evidence in the record. Although the Commissioner suggests that Dr. Anand's 2005 RFC is at issue, it is not. The Court previously found that the ALJ failed to give controlling weight to Dr. Anand's 2007 opinion, not her 2005 RFC assessment. *Hennessy*, No. 07-6923, Slip Op. at 15. But even if it was, Dr. Anand's 2005 RFC assessment—as well as the other doctors' reports—was not inconsistent with her 2007 RFC assessment when viewed in the proper time frame: "[i]n this case, there was no conflicting medical opinion to undermine Dr. Anand's February 2007 report because the consulting physician examined [Plaintiff] two years earlier, in February 2005." *Hennessy*, No. 07-6923, Slip Op. at 15. Since it was "logically impossible" for the previous report to reflect the changes that occurred from 2005 to 2007, *id.*, the Court finds its equally impossible for the ALJ's decision to have had "a reasonable basis in truth for the facts alleged." *Bricks*, 426 F.3d at 922; *see Golembiewski*, 382 F.3d at 724 ("Strong language against

---

[2] These physicians were Dr. Patil and Doctor Francis ("Dr. Francis").

the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees."). Therefore, the medical evidence does not support the ALJ's decision, and the Commissioner's pre-litigation position was not substantially justified. *But cf. Cunningham*, 440 F.3d at 865 (finding that, although the ALJ failed to articulate his reasoning, the evidence supported the ALJ's decision, and, therefore, Commissioner's position was substantially justified).[3] As a corollary, Plaintiff should receive reasonable attorney's fees under 28 U.S.C. § 2412(d)(1)(A).

## B. Reasonableness of Attorneys' Fees

The Commissioner argues that, even if the Court finds its position was not substantially justified, Plaintiff's request for attorneys' fees is unreasonable and should be reduced. In order to collect attorneys' fees under the EAJA, the prevailing party must, within thirty days of final judgment in the action, submit an itemized statement from any attorney representing or appearing

---

[3] The Commissioner also argues that Dr. Anand's treatment notes did not support the restrictions she issued on the RFC assessments in 2005 and 2007, but fails to cite any portion of the record reflecting these treatment notes. (Def's Resp. 4-5.) Instead, to support this argument, the Commissioner refers to the 2005 findings of *Drs. Patil and Francis*, not Dr. Anand. (*Id.*) The Court already has explained why these arguments fail. Finally, the Commissioner states that, although Dr. Anand's 2007 RFC assessment contained more restrictions than the one he provided in 2005, "the intervening treatment notes did not support such a change." (*Id.*) That statement is not grounded in a reasonable factual basis. The Court previously found that "[t]he record shows that [Plaintiff] was treated for gout multiple times in that two-year period, even going so far as to visit the hospital." *Hennessy*, No. 07-6923, Slip Op. at 15. The Court also noted that the ALJ improperly rejected Dr. Anand's 2007 opinion based on his treatment notes: "[w]ithout any expert opinion about the possible significance of [Dr. Anand's] findings—for example, medical testimony that a person with severe gouty arthritis would *always* exhibit leg edema–it appears that the ALJ made her own independent medical finding, impermissibly succumbing to the 'temptation to play doctor.'" *Id.* at 16 (emphasis in original). For those same reasons, the Court finds that the ALJ's decision lacked a reasonable basis in fact.

on behalf of the party. 28 U.S.C. § 2412(d)(1)(B). This statement must reflect the total amount sought, the actual time expended, and the rate at which the fees were computed. *Id.* Plaintiff submitted his itemized statement within thirty days of the final judgment of this action. (Pl.'s Mot. 1; *id.* at Ex. A-D). The Commissioner argues, however, that the amount requested is excessive and, therefore, should be reduced.

The Court may not arbitrarily reduce the amount of hours requested. *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 647 (7th Cir. 1995). The burden of proving that the requested fees are reasonable is on the fee applicant. *Hensley*, 461 U.S. at 437. "The applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* (citations omitted). Reasonable attorneys' fees include, "not only the work of attorneys, but also that of secretaries, librarians, messengers, paralegals and others whose labor contributes to the work product for which the attorney bills a client; and it must also take account of other expenses and profit." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). Hours that can be delegated as "non-professional assistance," however, should not be billed at an attorney rate. *Spegnon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999). Time spent on what are essentially clerical or secretarial tasks should not be billed even at a paralegal rate. *Id.*

Plaintiff requests a total amount of $10,148.20 in fees and costs. (Pl.'s Mot. ¶ 14.) The amount requested represents 1.5 hours billed by an attorney at $165.00 per hour; 51.85 hours billed by an attorney at $170.00 per hour; 8.0 hours billed by a law clerk with a J.D. at $125.00 per hour; 0.75 hours billed by a paralegal at $100.00 per hour; and costs for service in the amount of $11.20. (Pl.'s. Mot. ¶ 14.). The Commissioner contends that it was excessive to spend time

writing an oversized brief, filing a motion for excessive pages, and writing the reply brief. (Def's Resp. 7.) The Commissioner also indicates that some of the tasks performed by the law clerk and paralegal were clerical in nature and therefore should not be compensated under the EAJA because they are overhead costs. (Def's Resp. 7-8.)

The Court finds that the amount of time spent on this case, 62.1 hours, is reasonable and consistent with similar cases. *Harris v. Astrue*, 2009 WL 1684576, at *4 (N.D. Ill 2009) (48.8 hours was reasonable); *Mandrell v. Astrue*, 2008 WL 2704894, at *4 (S.D. Ill. 2008) (86.39 hours was reasonable). The Court also finds that the tasks performed by the law clerk and paralegal–such as calling the court clerk to determine the status of the IFO, downloading an order and complaint, scanning and e-filing proof of service and performing the summons–were activities normally billed to the client, rather than unbillable clerical duties. *Harris*, 2009 WL 1684576, at *3 (writing a letter to client, noting correct briefing schedule, and copying and mailing documents were clerical tasks not billable to client, but mailing a status report was billable to client); *Mandrell*, 2008 WL 2704894, at *3 (hours billed for fixing a word processing problem was an overhead cost). The Commissioner does not contest the hourly rates requested by Plaintiff that represent the cost of living adjustments allowed by 28 U.S.C. § 2412(d)(2)(A)(ii), and the Court finds that they are reasonable. Therefore, the Commissioner's request for a fee reduction is denied.

### III. Conclusion

For the reasons stated above, the Court finds the Commissioner's decision was not substantially justified, and that the fees and costs requested by Plaintiff are reasonable. Therefore,

the Court grants Plaintiff's request for attorneys' fees and costs in the amount of $10,148.20. The Commissioner shall pay this amount directly to Plaintiff's attorney, Frederick J. Daley, Jr. and Daley, Debofsky & Bryant.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** September 22, 2009.